```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DEREK WILKINSON                               CIVIL ACTION

VERSUS                                        NO: 07-3274

JOHN W. STONE OIL                             SECTION: "R"(3)
DISTRIBUTOR, LLC
```

## ORDER AND REASONS

Before the Court is plaintiff's motion to sever his maintenance and cure claim and for an expedited trial of the maintenance and cure issues. For the following reasons, the Court DENIES plaintiff's motion, but orders certain other relief.

### I. BACKGROUND

Plaintiff Derek Wilkinson sued defendant John W. Stone Oil Distributor LLC ("Stone Oil") on June 15, 2007. Wilkinson alleges that on April 14, 2007, while working as a deckhand for Stone Oil, he was involved in an accident which caused injury to his lower back and lumbar discs. Immediately after the accident, plaintiff went to the West Jefferson Medical Center emergency

room, where he was diagnosed with acute thoracic and lumbar strain.

Shortly thereafter, Stone Oil sent plaintiff to see Dr. Richard Wei.  Dr. Wei had MRIs performed on Wilkinson's lumbar and thoracic regions, diagnosed plaintiff with a thoracic and lumbar strain, recommended physical therapy, and then referred plaintiff to Dr. Thomas Cashio, an orthopedist.  Dr. Cashio saw plaintiff on May 2, 2007, and concluded that plaintiff's lumbar MRI showed some disc dehydration at L2-3 and L3-4 with some minor degenerative changes in the lower lumbar spine.  Dr. Cashio referred plaintiff to Dr. John Steck, a neurosurgeon.  According to defendant, on May 15, 2007, plaintiff also saw Dr. Billings, an orthopaedic surgeon at Tulane University Hospital and Clinic, who diagnosed plaintiff with a lumbar strain and recommended that he undergo physical therapy.  Finally, in June of 2007, Wilkinson went to see Dr. Kenneth Adatto, also an orthopaedist.  Dr. Adatto recommended that Wilkinson undergo an EMG-Nerve Conduction Study of the lower extremities, a CT scan, a discogram of the lumbar regions and Epidural Steroid Injections at the L2-3, L3-4, L4-5 and L5-S1 levels. (Pl.'s Mot., Exh. 4.)

Although plaintiff seeks to undergo the treatment recommended by Dr. Adatto, Stone Oil refuses to pay for the recommended medical procedures and tests.  Instead, Stone Oil set

up an appointment for plaintiff with Dr. Carl Calucchia for an Independent Medical Examination (IME). Wilkinson attended the IME on November 28, 2007. To date, the IME report has not been made available to plaintiff. Stone Oil contends that Dr. Calucchia has not yet produced the report and cites the absence of the IME report as a reason to deny Wilkinson's medical treatment. (Pl.'s Mot., Exh. 6.) Plaintiff now seeks severance and an expedited trial of his maintenance and cure claim.

**II. ANALYSIS**

Plaintiff asserts that his maintenance and cure claim should be severed because Stone Oil refuses to pay for the medical care prescribed by Dr. Adatto, including the epidural steroid injections, and that as a result, plaintiff's recovery and health have been jeopardized. Plaintiff further suggests that an expedited trial is necessary to determine plaintiff's entitlement to a raise in maintenance benefits. Defendant maintains that it is not obliged to pay for the procedures recommended by Dr. Adatto because it is awaiting the IME report from Dr. Culicchia and because those procedures were not recommended by the two other orthopedists who examined the plaintiff. Defendant further contends that its maintenance payments to plaintiff are sufficient.

The Fifth Circuit has held that although a seaman has the right to join a claim for maintenance and cure with a claim brought pursuant to the Jones Act, "he is not obligated to do so." *Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981); *see also Hampton v. Daybrook Fisheries, Inc.*, 2002 WL 1974107, at *2 (E.D. La. 2002). If a seaman joins the claims, he may later "ask for severance of the maintenance claim and an expedited trial of it by the court." *Tate*, 634 F.2d at 871. In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in an expedited trial of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion. *Marine Drilling Management Co. v. Scott*, 2003 WL 133218 (E.D. La. 2003).

While plaintiff has an interest in an expedited trial to determine his entitlement to maintenance and cure benefits, his trial on the merits is set to begin in four months. It is likely that the same physicians would testify at both trials. Further, defendant opposes any severance. Although plaintiff has not requested a jury trial, given the close proximity of the trial date, the Court finds that efficiency and judicial economy dictate that plaintiff's motion to sever be denied.

The Court finds, however, that Stone Oil is able to obtain the necessary IME report, and therefore ORDERS defendant to obtain Dr. Calucchia's IME report and provide it to plaintiff by March 20, 2008.  After obtaining the report, defendant is ORDERED to notify plaintiff whether or not it will authorize his requested medical treatment by March 24, 2008.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to sever his maintenance and cure claim is DENIED, subject to the Court's relief provided for above.

New Orleans, Louisiana, this  11th  day of March, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT